IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYLER VANNATTER, | : |
| | : |
|     Plaintiff, | : |
| | : Case No. 2:24-cv-04067 |
| v. | : |
| | : Judge Algenon L. Marbley |
| | : Magistrate Judge Kimberly A. Jolson |
| AMARDEEP SINGH, *et al.*, | : |
| | : |
|     Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on Defendants' Motion to Dismiss for Improper Venue (ECF No. 5) and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Improper Venue and Motion to Transfer Venue to the United States District Court for the District of Idaho (ECF No. 8). For the reasons set forth below, this Court **DENIES** Defendants' Motion and **GRANTS** Plaintiff's Motion. This Court **TRANSFERS** this action to the United States District Court for the District of Idaho.

**I. BACKGROUND**

This case concerns an automobile accident that occurred in Idaho Falls, Idaho on November 29, 2022. (Compl., ECF No. 1, ¶ 9). Plaintiff Tyler Vannatter alleges that Defendant Amardeep Singh caused the accident when he turned his tractor-trailer across oncoming traffic on Interstate 15. (*Id.*). Defendant Canada LTD employed Mr. Singh. (*Id.* ¶ 23). Defendants reside in Canada. (*Id.* ¶¶ 3, 5). Mr. Singh resides in Ontario and Canada LTD's principal place of business is in Alberta. (*Id.*). Mr. Vannatter resides in Ohio. (*Id.* ¶ 1). Mr. Vannatter broadly alleges that both Defendants engage in "regular and continuous contact with the State of Ohio" through their trucking industry activities. (*Id.* ¶¶ 4, 5).

Mr. Vannatter brought this lawsuit in the Southern District of Ohio on October 16, 2024. (*See generally id.*). Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants moved to dismiss for improper venue under 28 U.S.C. § 1406(a) or, in the alternative, under the doctrine of *forum non conveniens*. (Defs. Mot. and Mem., ECF No. 5). In response, Plaintiff concedes that venue is improper, but asks this Court to transfer the case to the District of Idaho. (Pl. Resp. and Mot., ECF No. 8). Defendants did not file a reply or otherwise respond to Plaintiff's request.

## II. LAW AND ANALYSIS

Section 1406(a) applies to actions brought in an improper venue. *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980). For a case filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under Sixth Circuit precedent, "[t]he decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Here, the parties agree that venue is improper in the Southern District of Ohio. (Defs. Mot. and Mem., ECF No. 5 at 3; Pl. Resp. and Mot., ECF No. 8 at 3). The parties also agree that the events giving rise to the case occurred in the District of Idaho. (Defs. Mot. and Mem., ECF No. 5 at 5; Pl. Resp. and Mot., ECF No. 8 at 4). Therefore, the District of Idaho is an appropriate venue. 28 U.S.C. § 1391(b)(2).

Mr. Vannatter argues that transfer serves the interest of justice because transfer would allow the case to be adjudicated on the merits in the appropriate venue. (Pl. Resp. and Mot., ECF No. 8 at 5). Defendants appear to agree that the case should be heard in Idaho. In arguing that this Court should dismiss for *forum non conveniens*, Defendants assert that "by not having the matter in Idaho, Defendants will be prejudiced" and that "the Idaho venue is the appropriate venue

for this lawsuit." (Defs. Mot. and Mem., ECF No. 5 at 5).  The doctrine of *forum non conveniens*, however, does not apply when another federal court is the appropriate forum.  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).  In that event, § 1406(a) governs.

This Court finds that venue is improper in the Southern District of Ohio.  Because venue is proper in the District of Idaho and transfer is in the interest of justice, this Court **TRANSFERS** this case to the District of Idaho.

### III.  CONCLUSION.

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 5) is **DENIED**.  Plaintiff's Motion to Transfer Venue (ECF No. 8) is **GRANTED**.  This Court **TRANSFERS** this case to the United States District Court for the District of Idaho under 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 10, 2025**